UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| MITCHELL SWARTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-12144-LTS |
| | ) | |
| ROBERT W. BAHR et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER ON DEFENDANTS' MOTION TO DISMISS (DOC. NO. 35)
AND OTHER PENDING MOTIONS

June 22, 2017

SOROKIN, J.

Pro se plaintiff Mitchell Swartz filed a seventy-five-page Amended Complaint alleging twenty-one claims against eight employees and officials of the United States Patent and Trademark Office ("USPTO") in their individual and official capacities. Doc. No. 7. The defendants seek dismissal of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b). Doc. Nos. 35, 36. Swartz opposes the motion.[1] Doc. No. 37. Also pending are a series of motions filed by Swartz, and a request by the defendants to expedite disposition of

---

[1] The memorandum of law supporting the defendants' motion is fifteen double-spaced pages long. Swartz's opposing memorandum spans thirty single-spaced pages. The Local Rules, which bind parties appearing with or without counsel, limit such memoranda to twenty double-spaced pages absent leave of Court. L.R. D. Mass. 7.1(b)(4). Swartz did not seek, and this Court did not grant, permission to veer from the required page limits. Although the Court has considered all of Swartz's arguments in this instance, he shall comply with the all of the Local Rules, including those regarding page limits, when making any future filings in this case.

their motion to dismiss. Doc. Nos. 53, 54, 57, 58, 61, 64, 66. For the reasons that follow, the motion to dismiss is ALLOWED, and the other motions are resolved as described below.

I. BACKGROUND

Swartz's claims center on his submission – and the USPTO's denial – of six patent applications for inventions related to clean energy. He alleges the eight defendants, while involved in the review and denial of his applications between December 2000 and July 2012, mishandled evidence, lied, and acted improperly in various other ways. Swartz has appealed the denial of each disputed patent application to the Patent Trial and Appeal Board ("PTAB"), which had issued no determination at the time Swartz filed his Amended Complaint.

The claims Swartz has alleged are: (1) negligence; (2) breach of contract; (3) violations of the USPTO's Code of Professional Responsibility; (4) discrimination in violation of the Equal Protection Clause; (5) denial of due process; (6) violation of his civil rights; (7) a federal criminal conspiracy against his civil rights; (8) violation of his constitutional rights under the Privileges and Immunities Clause; (9) obstruction of justice in violation of federal criminal law; (10) making false statements in violation of federal criminal law; (11) a federal criminal conspiracy to defraud; (12) mail fraud in violation of federal criminal law; (13) misprision of a felony in violation of federal criminal law; (14) a racketeering conspiracy in violation of federal criminal law; (15) a civil conspiracy to defraud; (16) extortion in violation of federal criminal law; (17) conspiracy to commit an offense against the United States in violation of federal criminal law; (18) stalking in violation of federal criminal law; (19) tampering with a witness in violation of federal criminal law; (20) retaliation in violation of federal criminal law; and (21) defamation.

II.   DISCUSSION

The defendants invoke four theories of dismissal available under Rule 12(b) – lack of subject-matter jurisdiction, lack of personal jurisdiction, defects in service, and failure to state a claim. Fed. R. Civ. P. 12(b)(1), (2), (5), (6). Each of Swartz's claims fails for one or more of these reasons, which the Court will address in the order they are presented in the defendants' motion.[2]

   A.   Individual-Capacity Claims

Swartz brings claims against all eight defendants in both their official and individual capacities. He served the defendants by leaving separate service packages for each of them at the USPTO. See Doc. Nos. 12-19 (reflecting each package was left with Melvin Birch, who is described as "a clerk for the Office of General Counsel" for the USPTO and who "accepted on behalf of the employee"). Such service is insufficient in a suit asserting claims against United States employees in their individual capacities.

"To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States *and also serve the officer or employee under Rule 4(e)* . . . ." Fed. R. Civ. P. 4(i)(3) (emphasis added). Pursuant to Rule 4(e), an individual defendant may be served by: "delivering a copy of the summons and of the complaint to the individual personally"; "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or "delivering a copy of [the summons and

---

[2] Because Swartz is pro se, the Court must construe his filings liberally. Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004). Even so, "pro se status does not insulate a party from complying with procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

3

complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). The burden is on Swartz to prove that the service was proper. Rivera-Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992).

Swartz has offered no proof that he served the individual defendants personally, at their homes, or via an agent authorized to accept service on their behalf in their individual capacities. Rule 4(e) does not permit service of an individual by leaving the required documents at his place of business, rather than his home. Figueras v. Autoridad de Energia Electrica, 553 F. Supp. 2d 43, 44 (D.P.R. 2007). There is nothing to prove or permit an inference that any of the eight individual defendants named in Swartz's complaint have appointed Melvin Birch specifically, or the USPTO's Office of General Counsel generally, to accept service on their behalf of in matters brought against them personally. Absent such proof, Swartz has not met his burden of establishing that his service of process in this case satisfies Rule 4(e). See Donnelly v. UMass Corr. Med. Program, No. 09-cv-11995-RGS, 2010 WL 1924700, at *1 (D. Mass. May 11, 2010) (explaining "a person cannot innocently accept service of process on behalf of a coworker without having been explicitly given such authority"). Accordingly, the Amended Complaint is dismissed as to the individual defendants for lack of service.[3]

Even if Swartz had served the defendants in the manner required by Rule 4, this Court lacks personal jurisdiction over the defendants in their individual capacities. Where a defendant challenges a lawsuit on the basis of personal jurisdiction, the burden is on the plaintiff to establish that such jurisdiction exists. Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 8

---

[3] The ninety-day period in which Swartz was obligated to accomplish service expired on January 23, 2017. Fed. R. Civ. P. 4(m), 6(a)(1)(C). Because Swartz has not advanced any good cause for his failure to properly effect service, the Court does not grant an extension of the time to complete service.

(1st Cir. 2009). Here, Swartz must demonstrate that the Massachusetts long-arm statute is satisfied, "and that the exercise of jurisdiction under the statute is consistent with the Due Process Clause of the United States Constitution." Id. Swartz has shown neither.

The record contains no proof that any of the defendants reside or own property in Massachusetts, regularly transact business or supply services here, caused injury through an act or omission undertaken here, profits from the sale of goods or services here, or is otherwise within the reach of the Massachusetts long-arm statute.[4] See Mass. Gen. Laws ch. 223A, § 3. The events at issue here concern patent applications submitted to and acted upon by the USPTO, located in Virginia. Swartz's failure to allege as to any individual defendant, either in the Amended Complaint or in response to the motion to dismiss, the type of connection or conduct that would support a finding of personal jurisdiction over any defendant in the District of Massachusetts subjects his individual-capacity claims to dismissal under Rule 12(b)(2).

B. Tort Claims

Three of Swartz's claims – counts 1, 15, and 21 – sound in tort. He may pursue such claims only if they fall within the "limited waiver of the federal government's sovereign immunity with respect to private causes of action sounding in tort" provided for in the Federal Tort Claims Act ("FTCA"). Fothergill v. United States, 566 F.3d 248, 252 (1st Cir. 2009). Otherwise, this Court lacks jurisdiction as to those three claims.

Before bringing a tort claim against the United States, the FTCA requires a claimant to exhaust available administrative remedies. 28 U.S.C. § 2675(a); McNeil v. U.S., 508 U.S. 106, 113 (1993). Swartz has provided no evidence demonstrating he presented his tort claims to the

---

[4] Swartz's vague reference to an unnamed associate of an unspecified defendant attempting to interfere with technology located in Massachusetts is insufficient to establish jurisdiction over any one defendant, let alone all eight of them.

5

USPTO, the relevant administrative agency in these circumstances. In fact, the defendants have offered affirmative proof that he has not satisfied this requirement. Doc. No. 36-1 at 3. In these circumstances, this Court lacks subject matter jurisdiction over Swartz's tort claims. Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002) (describing compliance with the statutory requirement of administrative exhaustion as "a jurisdictional prerequisite to suit that cannot be waived").

C.   Contract Claim

Count 2 of the Amended Complaint purports to state a claim for breach of a contract. However, nowhere in the Amended Complaint does Swartz identify a contract between himself and any of the defendants. Moreover, he wholly fails to allege facts sufficient to describe any of the required elements of a contract (i.e., offer, acceptance, and consideration). Accordingly, count 2 is dismissed pursuant to Rule 12(b)(6).[5] See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (requiring plaintiffs to offer more than labels, conclusions, and formulaic recitations of the elements of a cause of action).

D.   Constitutional Claims

In counts 4, 5, 6, and 8, Swartz asserts claims based on alleged violations of various provisions of the United States Constitution, including the Equal Protection Clause, the Due Process Clause, and the Privileges and Immunities Clause. Although it is not entirely clear upon which of several theories Swartz intends to pursue these claims, they are subject to dismissal under any available theory.

---

[5] As to this and any other claim dismissed pursuant to Rule 12(b)(6), the Court has applied the usual standard, has taken "the allegations in the complaint as true," and has made "all reasonable inferences in favor of" Swartz. Watterson v. Page, 987 F.2d 1, 3 (1st Cir.1993).

To the extent Swartz invokes 42 U.S.C. § 1983 as the vehicle for his constitutional claims, that statute provides for private causes of action only against officials acting "under color of" state law. It may not be used to sue federal officials acting "under color of" federal law. McCloskey v. Mueller, 446 F.3d 262, 271 (1st Cir. 2006). To the extent Swartz hoped to "sidestep the 'under color of state law' requirement" by framing his constitutional claims pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), see McCloskey, 446 F.3d at 271, that avenue permits claims against federal officials only in their individual capacities (not against agency employees sued in an official capacity). Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000). And, as set forth above, Swartz's individual-capacity claims are doomed by defects in service and lack of personal jurisdiction.

Furthermore, Swartz has not alleged the basic elements of a claim pursuant to any of the various constitutional provisions he identifies. For example, he has not alleged cognizable discrimination (necessary to an Equal Protection claim), or protectionist actions burdening out-of-state citizens (necessary to a Privileges and Immunities claim). Private rights of action are not available pursuant to the Supremacy Clause or the Patent and Copyright Clause, see Doc. No. 36 at 12 (citing cases), and any due-process-oriented complaints Swartz has regarding the manner in which his patent applications were handled are not within the reach of this Court's authority. Such claims are properly explored in Swartz's pending appeal before the PTAB (or, thereafter, by seeking further review in one of the two federal courts with statutory grant of jurisdiction over such claims, see 35 U.S.C. §§ 141, 145).

As a result, Counts 4, 5, 6, and 8 are dismissed.

E. Claims Based on Criminal Statutes and Professional Rules

The remainder of Swartz's claims arise from alleged violations of federal criminal laws or USPTO Rules of Professional Conduct. A private citizen like Swartz "has no authority to initiate a federal criminal prosecution," and federal criminal statutes "do not give rise to a civil action for damages." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989); accord Nasuti v. Kerry, 137 F. Supp. 3d 132, 141 (D. Mass. 2016). Similarly, the USPTO Rules of Professional Conduct, which are found in the Code of Federal Regulations and serve to "govern[] solely the practice of patent, trademark, and other law before the" USPTO, 37 C.F.R. § 11.1, do not create independent causes of action by private citizens. Cf. Pandey v. Giri, 457 F. Supp. 2d 94, 98 (D. Mass. 2006) (dismissing, sua sponte, a claim arising from violations of the Massachusetts Rules of Professional Conduct for attorneys).

As such, Swartz has no standing to pursue the claims he asserts in counts 3, 7, 9 through 14, and 16 through 20 of his Amended Complaint. Accordingly, those claims are dismissed, along with the others, and the defendants' Motion to Dismiss the Amended Complaint (Doc. No. 35) is ALLOWED in its entirety.

F. Other Motions

Swartz sought permission to file a sur-reply in further opposition to the defendants' Motion to Dismiss. That request (Doc. No. 53) is DENIED, and the sur-reply brief Swartz later submitted (Doc. No. 56) is STRICKEN.[6] Sur-replies are not permitted as of right, Swartz's prior filings are voluminous, and none of the reasons cited by Swartz in support of his request suggest that a sur-reply here would be necessary or useful.

---

[6] Even if this Court had been inclined to permit a sur-reply, it would not have permitted a twenty-two page, single-spaced brief. See Doc. No. 56.

Swartz moved for sanctions against defense counsel and a USPTO lawyer who submitted a declaration demonstrating Swartz's failure to exhaust his tort claims at the agency level. That motion (Doc. No. 54) is DENIED as meritless – bordering on frivolous – for the reasons outlined in the defendants' response to it. Doc. No. 55.

After the motion to dismiss was fully briefed, Swartz requested leave to file a new amended complaint. That request (Doc. No. 57) is DENIED. Swartz attached to the request his proposed Amended Complaint, which spans more than a hundred pages. Doc. Nos. 57-1, 57-2. His proposed amendment is excessively long and fails to conform to the requirement that a plaintiff present "a short and plain statement" of his claims. Fed. R. Civ. P. 8(a)(2). Moreover, it fails to cure the defects in the Amended Complaint identified above. As a result, the proposed amendment is futile as to Swartz's previous claims. It also is futile as to the claims Swartz seeks to add for the reasons articulated by the defendants in their opposition to the motion. Doc. No. 60; see Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007) ("Futility of the amendment constitutes an adequate reason to deny the motion to amend.").

Swartz filed a second motion for sanctions a month after his first, this time also requesting that the Court strike certain defense submissions and appoint a "special counsel" from the Department of Justice's Public Integrity Section to investigate his claims. That motion (Doc. No. 58) is DENIED for the reasons identified by the defendants in their opposition. Doc. No. 59.

Swartz sought leave of court to file a reply brief in further support of his motion to amend the complaint. That request (Doc. No. 61) is ALLOWED, and the Court has considered Swartz's reply submission, Doc. No. 62, notwithstanding the fact that his reply is single-spaced and far exceeds the limits this Court normally places on such submissions.

9

On June 8, 2017, the defendants filed notice of an action Swartz filed in the Eastern District of Virginia against the USPTO and its director (who is one of the defendants in this action). Doc. No. 63. According to the defendants, that action contains claims that are similar to the claims Swartz alleges here. Swartz sought leave to respond to this filing. That request (Doc. No. 64) is DEINED. The defendants' filing was informational only, and the Court in no way relied upon it in rendering its decision regarding dismissal.

Finally, the defendants have asked the Court to expedite consideration of the motion to dismiss. That request (Doc. No. 66) is DENIED as moot in light of the Court's rendering its decision today.

III. CONCLUSION

In sum, the Court resolves all currently pending motions as follows:

1. The defendants' Motion to Dismiss the Amended Complaint (Doc. No. 35) is ALLOWED;

2. Swartz's Motion for Leave to File a Sur-Reply (Doc. No. 53) is DENIED;

3. Swartz's Motion for Sanctions (Doc. No. 54) is DENIED;

4. Swartz's Motion for Leave to File an Amended Complaint (Doc. No. 57) is DENIED;

5. Swartz's Motion for Sanctions, to Strike Pleadings, and Appoint Counsel (Doc. No. 58) is DENIED;

6. Swartz's Motion for Leave to File a Reply (Doc. No. 61) is ALLOWED;

7. Swartz's Motion for Leave to File a Response (Doc. No. 64) is DENIED; and

8. The defendants' Motion to Expedite (Doc. No. 66) is DENIED as moot.

Should Swartz make any further filings with this Court, in this or any other action, the Court hereby ORDERS that he comply with the following standard filing requirements: (1) file

only double-spaced pleadings and memoranda; (2) no memorandum supporting a motion shall exceed twenty pages unless a larger number of pages is authorized in advance by the Court; and (3) no reply memorandum shall exceed five pages unless a larger number of pages is authorized in advance by the Court.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge